We'll hear argument first this morning in Case 10-788, Rehberg v. Paulk. Mr. Pincus. Pincus. Thank you, Mr. Chief Justice, and may it please the Court. This Court has twice held in Malley and in Kalina that a complaining witness who sets a criminal prosecution in motion by submitting a false affidavit is entitled to qualified immunity but not absolute immunity in an action under Section 1983. The Court rested that conclusion on its determination that complaining witnesses were subject to damages liability at common law in 1871 when Section 1983 was enacted. The question in this case is whether the rule of Malley and Kalina also applies to a complaining witness who sets a prosecution in motion by testifying before a grand jury. Again, the common law provides the answer. The law is clear that in 1871, damages liability could be based on false grand jury testimony. Alito The problem I have with your argument is that I don't really know what a complaining witness is in the grand jury context. Let's take the Federal grand jury as an example. Do you think there are complaining witnesses before Federal grand juries? Pincus I think there can be. It depends, obviously, on the circumstances, Your Honor, but there certainly can be. I mean, a complaining witness, I would think, is a person who files a complaint, who causes someone under the Federal system, it would be someone who files a complaint and attests to it under Rule 5. And that person is asking that charges be brought. That's what it means to be a complaining witness, filing a complaint. Nobody, no witness before a Federal grand jury asks that an indictment be returned. They provide testimony, and they may want an indictment to be returned, but it's the prosecutor who asks for the indictment to be returned. So I don't see how there is a complaining witness in that sense in the traditional grand jury context. Pincus Well, Your Honor, the common law confronted precisely the same situation. And after public prosecutors came into being and when grand juries were impaneled by them, the common law has concluded that both in 1871 and in the present that there can be a person who is the motivating force behind the prosecution. Roberts A person? What if you have three elements to a crime and you have one witness for each one? You see somebody sees the guy trying to get into a car. Well, maybe he left his – maybe locked his keys in. Another sees the guy walking around with the television. It might be his. Third sees the guy selling the television to somebody else. There's nothing wrong with that. Each one testifies before the grand jury. Who's the complaining witness? Pincus Well, Your Honor, at common law, the complaining witness was more than just someone who gave evidence that was necessary for the warrant or the indictment issue. It was someone who was pushing for the prosecution to be brought. All of these problems, of course, occur to common law, and they also occur in connection with the circumstances that the Court addressed in Malley and Kalina. Alito Well, let me give you another example that I think happens with some frequency. You have a Federal grand jury and you have testimony by an FBI or a DEA case agent, the person who's been working on the case, and that witness provides a lot of information supporting the charges that the prosecutor wants returned. You also have a cooperating witness, someone who's entered into a plea bargain and in exchange for that is providing a lot of incriminating testimony. Now, is there a complaining witness in that situation? Pincus Well, again, Your Honor, there can be. It depends. It could be both. It could be one or the other. I think these circumstances, again, are not unknown to the common law. In the States, they Ginsburg You said, I think you used the word, the one who motivated the charge, or something to that effect. And I'm looking at the complaint that was filed in this case, and it says, and this is on page 28 of the Joint Appendix, it says, Mr. Hodges, that's the prosecutor, knew or should have known there was no probable cause. He, Mr. Hodges, directed Mr. Pauk to appear before the grand jury and attest to the truth of such charges. So if anyone was the instigator, it was the prosecutor, not his aide, but the prosecutor gets absolute immunity. Pincus Well, Your Honor, I don't think we know, because the complaint also alleges that Mr. Pauk knew that his testimony was false and made it, and gave his testimony  And certainly, his testimony was false. Ginsburg He's not the prime mover. Pincus Well, the complaint also alleges that they were conspiring together to bring this complaint. And so, again, I think the facts will be developed. The first indictment, in fact, listed Mr. Pauk as the complainant. So in many situations, the concerns that Justice Alito was pointing to won't be present, because there will be a clear complainant, as there was in this case. Kennedy The person important witness is reluctant to testify, but has issued a subpoena by the United States attorney to appear before the grand jury. And then with reluctance, he comes forward, but under oath, provides all of the key testimony necessary to indict. Is he a complaining witness? Pincus I think some lower courts have said no, Your Honor. Some lower courts have said if all the Kennedy What's the test we're supposed to use to decide? Pincus Well, the test that this Court has set forth is whether the complaining witness is someone who sets the prosecution in motion. That's the phrase that this Court has used, and that's a phrase that's reflected in the common law, based on the common law. And the lower courts have not had a problem applying that case. There are seven circuits that now have adopted the rule. Kennedy In the hypothetical I gave, what's the answer? Pincus I would say in the hypothetical you gave, Your Honor, that that person is not a complaining witness, because he did nothing other than come forward when he was subpoenaed. If someone comes forward to the prosecutor, urges an indictment, urges a prosecution, and then subsequently is subpoenaed, that might be a different case, because you have to have a different case. Roberts One area that causes me concern here are the domestic violence cases, where someone may well report an episode, but by the time it gets to whatever the indictment procedure is, grand jury or otherwise, is unwilling to testify and pursue it. And yet that person may be the one who started the prosecution in motion. Is that individual a complaining witness? Pincus That person may be a complaining witness. You know, a common law, the complaining witness also has to be shown. Roberts But she says at the time, I don't want the prosecution to go forward. I, you know, I would prefer that it not go forward. Pincus Then that fact would obviously mitigate against her being a complaining witness. But these, I guess. Scalia Mitigating, come on. Pincus Yes, she would not be a complaining witness. Scalia Does it make her not a complaining witness? Pincus Yes, she would not be a complaining witness, Your Honor. But I, just to step back here. Alito The holding that you're asking for isn't going to do very much good if the mere issuance of the grand jury's subpoena renders the person not a complaining witness. In that situation, then, why not subpoena everybody? Pincus I don't think the mere issuance of the subpoena does negate things that might take the hypothetical where there is someone who goes to the prosecutor, says there should be a prosecution here, maybe does the things that the hospital is alleged to have done in this case, and then subsequently is subpoenaed. I don't think the subpoena negates that prior activity. I don't think you can say, oh, now that you're subpoenaed, we wipe away everything that you've done to set the prosecution in motion. But I think in the hypothetical that you propounded where there's the sole fact is someone doesn't do anything, they're subpoenaed to come before the grand jury and they give their evidence, that wouldn't meet the test. But Kagan In a case where the prosecutor is the prime mover, can there ever be a complaining witness? Where the prosecutor is making the decisions, can there ever be a complaining witness? Pincus I think there can be, Your Honor. And in fact, what this Court has indicated in other cases is that the fact that the prosecutor ultimately decides to seek the charge does not negate what's happened before. In the Hartman case, which dealt with a retaliatory prosecution under First Amendment retaliation prosecution, the Court said the postal inspectors, who in that case were alleged to have been the motivating force behind the retaliatory prosecution, could be held liable if there also was no probable cause. Scalia Is the prosecutor a complaining witness? Pincus The prosecutor can't be a complaining witness, because the complaining witness is the person who provides the impetus to go forward. Scalia Who instigates the prosecutor. Pincus Yes. Scalia What about the person who instigates the instigator? Pincus I'm not sure of the ---- Scalia Well, somebody who comes up to somebody and says, you know, you ought to, you ought to, try to start a prosecution against this person. Pincus At common law ---- Scalia Yeah, that's a good idea. So that person goes and gets a prosecution started. Pincus And at common law, that person could be liable for malicious prosecution, because ---- Scalia The person who instigates the instigator. Pincus The person who ---- in testimony, a complaining witness, as Your Honor pointed out in your opinion in Kalina, a complaining witness does not have to actually participate in the judicial proceedings. To be a complaining witness at common law, you could be a person who outside the judicial process pushed forward and was the mover behind the ---- Scalia So the instigator of the instigator is a complaining witness, or can be? Pincus Can be. Scalia And you know what the next question is going to be, right? Pincus But tort law, I mean, Your Honor ---- Scalia The instigator of the instigator of the instigator. I mean, just go back forever. Pincus I think that's right, Your Honor, but I don't think the Court is writing on a blank slate here. Tort law has addressed these issues. There has been a malicious prosecution tort for hundreds of years. There certainly was in 1871. And tort law has dealt and continues to deal with the questions of causation and proximate cause and all of the questions that arise in these kinds of cases. So it's not as if the Court here would be writing on a blank slate. And I think the critical thing is, the question here is whether or not there was an absolute immunity rule in 1871 for persons in the situation of the Respondent. That is the critical question that the Court has framed. Ginsburg The instigator, what you call the complaining witness, would have been immune if he gave the identical testimony at the trial itself, right? Pincus Yes. Trial testimony, because, well, the trial testimony could not be the basis for finding the person a complaining witness, because by that point the prosecution has gotten rolling. The question is, what conduct can be used to prove that this is the person who was the instigator, the prime mover behind the prosecution? Ginsburg It's only what you call the complaining witness that gets this special treatment. All the other witnesses before the grand jury would be absolutely immune. Pincus Yes, Your Honor. That's what the common law rule was, and that's what Congress confronted when it enacted Section 1983 in 1871. Kagan Could I make sure I understand what you just said, Mr. Pincus? When you said it can't be the testimony alone, is that right, that there have to be other acts exclusive of the testimony that make somebody a complaining witness? Pincus No, Your Honor. It could be the testimony alone. I didn't mean to say that. I think what I meant to say, maybe in response to Justice Alito's question, was the fact of testifying under subpoena doesn't negate other evidence that's there, but the testimony alone can be enough, and there certainly are cases, common law cases, from the 1800s in which courts rely on testimony. Kagan But rely on testimony, but rely on testimony exclusively? Do you have any cases that do that? Pincus Well, the cases are a little bit obscure, Your Honor, about what the facts are that they're relying on. So I don't want to say that absolutely positively there's one, but I think as a matter of logic, if there's one. Scalia I really don't understand this. You have one witness in the grand jury proceedings. That's the only witness. Can that witness fall within your rule and be the complaining witness? Pincus Absolutely, Your Honor. Scalia Just on the basis of the testimony alone? Pincus Yes. But there could be other evidence as well. I think that's pretty risky to testify in a grand jury proceeding then, right? Because even though you haven't, you don't care whether it comes out that way or not. You're subpoenaed, and even though you're subpoenaed, you're going to hold me as a complaining witness. It's the same risk that the affiance bore in Kalina and Malley, and it's the same risk that the common law imposes on complaining witnesses. Scalia Well, the affiance came forward. I mean, that's a different situation, isn't it? They indeed were self-starting, but the person who subpoenaed to testify at a grand jury is not self-starting. And you're saying that that person's mere presence and the mere fact of that person's testifying is enough to hold him to be the complaining witness. Pincus Your Honor, maybe I've confused the hypotheticals. I think we have one situation where there's someone, all they've done is they've been subpoenaed and they've come forward and they've given their evidence. I think it would be very hard for that person to be labeled a complaining witness. Scalia Hard or impossible? Pincus Then you have a person who's hard or impossible. I think it would be impossible because I don't think there's any evidence that that person is the motivated case. Scalia So the testimony alone cannot be the basis. Pincus Compelled testimony alone. A person who testifies voluntarily before the grand jury, I think, is a different situation. Alito But you said that the issuance of a subpoena in itself is not sufficient to make somebody not a complaining witness. So if you are issued a subpoena, you still might be a complaining witness if you really didn't need to get a subpoena. If you could have been persuaded to go without a subpoena, then maybe you're you could be a complaining witness. Pincus No, Your Honor. I think I was responding to a third, a third situation. So we have one situation where all someone does is testify under subpoena. We have another situation where someone testifies, that person, not a complaining witness. Someone who testifies voluntarily, that voluntary testimony certainly could be used as evidence. And then the third situation, excuse me, Your Honor, I was just going to say, the third situation is where there's pre-testimony evidence and there's also the fact that that person testified under subpoena. I don't think the fact that that person testified under subpoena negates the fact that there is other evidence that that person may have been the person who pushed the prosecution forward. So that's the distinction that I was trying to make. Breyer What is the reason why, if we give absolute immunity to the witness at a trial, we give absolute immunity to the prosecutors and government officials at the trial, and a grand jury is sort of like a trial, at least its testimony under oath, and in addition, there's the special thing about grand juries being secret, which if you allow people who are annoyed, and they'd be quite rightly angry, they've been acquitted, they had to go through this process, they want to sue somebody. If we let them sue, you'll wreck the secrecy in a lot of cases. So I see a reason for treating the grand jury even more strictly. What's the reason for treating it less strictly? Goldstein Well, I think there are two reasons, Your Honor. The first reason is that what this Court has said is that immunity decisions are based on common law as Congress does. Breyer Suppose I don't accept that. Suppose I say, yes, I accept that, there's a relationship, but exactly what happened in 1871 is not precisely always the convincing feature for me. So I read what the situation is today, and it is, I think, as I described it. So given the situation today, my question remains. Goldstein Well, one brief disagreement with your question, Your Honor. I think the situation today at common law is what was. Breyer I can't disagree with my question. But your question. I would like an answer to my question. Goldstein The answer is severalfold. The Court has given absolute immunity to witnesses in Briscoe. The policy reasons, the principal reason was the common law rule. The policy reasons that the Court gave were, A, we don't want to deter people from coming forward, and, B, the testimony will be put through the adversary process and is public, and those are protections against false testimony. In the grand jury situation, those protections are not present, neither transparency nor an adversary process. And what the Court said in Malley about people coming forward, I think, applies in the grand jury context as well to complaining witnesses. The Court in Malley said, we want people who are setting the prosecution in motion, this special category of complaining witnesses, we want them to think twice. That's not a bad thing when they're the motivating force behind the prosecution. Roberts Well, I thought the whole point of the grand jury was to protect citizens from unwarranted prosecutions. The grand jury initiates the prosecution. So why do we look back beyond that? That's where the prosecution is initiated. You're not subject to prosecution until the grand jury returns the indictment. So why do we talk about complaining witnesses initiating the prosecution? Verrilli, I think, well, we talk about them, I think, because of the reality that there are cases, and the common law recognized, that there were cases where the reason the prosecution got rolling was because either a private person or a government person was the person who was pushing it along. It's true that the grand jury's decision is a step in the chain, but it's not the common law's decision. But the Court has not said that, for example, the judge's decision in Colina v. Malley to issue the warrant broke the causal link between the false testimony in the affidavits in those cases. Even though the judge was making an independent decision, the Court recognized as the common law recognized, that there could be a causal chain back to the false testimony, which essentially tainted the decisionmaker, the judge's decision, just as it taints the grand juror's decision. And in fact, what lower courts have said is that it is only when there is an allegation of false testimony or other impropriety in the grand jury that looking back is possible, but of course, that's the very situation in this case. Ginsburg. The question is where do you locate the grand jury? We have on the one side, you recited Malley. That was an arrest warrant, testimony in support of an arrest warrant. Then we have the trial where everybody gets absolute immunity. And the grand jury is in between those two. So why should we bracket it with the arrest warrant rather than with the trial? The arrest warrant is certainly pre-prosecution. Well, the first reason, Your Honor, is because that's what the common law did. And what the Court's inquiry here is to look at the common law and decide what Congress when it enacted the statute in 1871 confronted. And when Congress enacted the statute in 1871, there were the rule was that complaining witnesses who testified before grand jurors, that grand jury testimony of people who were complaining witnesses was not immunized as a basis for malicious prosecution liability. What the Respondent is seeking here is to say my grand jury testimony is immunized as a basis of Section 1983 liability, but at common law, that simply wasn't the rule. So the first thing that the common law did, did any grand jury witnesses have absolute immunity from a claim for malicious prosecution? Well, at common law, at common law, it wasn't a question of immunity. There was no defamation liability for any witness. The only liability was for malicious prosecution. Alitoson could there be malicious prosecution liability for a witness before a grand jury who was not a, quote, unquote, complaining witness? No. And that's the source of the distinction that the Court drew in Malik. So you're not really asking us to adopt the common law rule, are you? You're asking for a variation of the common law rule that's limited to complaining witnesses. Or are you going further? Are you saying that no witness before a grand jury should have absolute immunity from a so-called 1983 malicious prosecution claim? No, Your Honor. We're not. We're asking for exactly the rule that was at common law. What the Court has said in Kalina and Malley is the rule that the Court adopted there was based on precisely the same distinction that we rely on here. So if I understand your answer, that you're not — this whole business about complaining witnesses is irrelevant. It's any — no witness before a grand jury has absolute immunity. The distinction that the common law drew, all witnesses were immune from defamation. Only — the only people who could be subject to liability based on their testimony were people who qualified as complaining witnesses. That is why the Court in Malley and Kalina drew the line it did. It said, these people, you are acting as a complaining witness. The function you're performing by submitting this affidavit is being a complaining witness. At common law, that function, true, it wasn't technically immune, but it was subject to liability. Liability could be premised on those statements. But any witness could — who would satisfy the elements of the malicious prosecution tort could be liable? Yes. And all right. That's a little different, isn't it? Well, what the Court has said, it said in Malley and Kalina, and what we're relying on here, is that those people also — Congress would have recognized in 1871 that there could be liability for people who fell into this category, and so— The only people who would be subject to suit for the malicious prosecution tort were complaining witnesses. Yes. Mr. Pincus, you, in answer to one of Justice Kagan's questions, you noted that you really can't find a case where a court relied exclusively on the grand jury testimony. In most of the cases that I've reviewed, there's a discussion that both non-grand jury and grand jury testimony was being relied upon. Is that accurate? I think that's right, Your Honor. It's awfully hard to tell, but I wouldn't want to represent— Could you tell me what the United States' amica is supporting a vacature and remand on the ground that there might be adequate independent evidence from the grand jury testimony in this case to sustain a cause of action? Do you agree with their recommendation? And if you don't agree, assume that we were to adopt the United States' position, what would be the independent evidence that you have that would support a malicious prosecution claim? Well, there is independent evidence in this case, Your Honor, of before the Respondent testified, before the grand jury, there were discussions, there are allegations that he conspired with the district attorney and others to fabricate the evidence that he gave. And that obviously— Now, the court below took that into account and said, you're only relying on the grand jury testimony to prove the conspiracy, and that's not enough. Well, Your Honor, I think that what the Eleventh Circuit said was because this was all directed to the grand jury testimony, we're not going to separate, uphold that there could be liability based on that alone. I think that's wrong for two reasons. First of all, our principal submission, of course, is there can be liability premised on the grand jury testimony and that there's no basis in the common law for a different rule. And our second position would be, even if you, the Court thought that grand jury testimony for some reason was off limits but became permissible as a basis for finding liability if there was other evidence, then that's true in this case as well. I want to return to Justice Breyer's question for one minute, because there was a third policy reason that I wanted to provide, which is, as we explained in our brief, in the States, many prosecutors can proceed by information or indictment. And we think it would be a peculiar situation if liability could be premised when a proceeding is initiated by information, which Malley and Kalina make clear, but that if the proceeding is by grand jury, it would be wholly off limits. That doesn't make much sense, and it's totally inconsistent with the common law rule. I'd like to reserve the balance of my time. Roberts, Thank you, counsel. Mr. Jones. Jones, Mr. Chief Justice, and may it please the Court. The way the Respondent sees it is the extension of Briscoe into the absolute immunity for all witnesses in the grand jury with no distinction with respect to whether they are the complaining witness or otherwise. As this Court has said in Briscoe, that the you look at the purpose of protecting the witnesses both at the grand jury proceeding and at trial, and you want to preserve every man's evidence, and you want to keep the Court from harassing them. Scalia, you would acknowledge that if someone instigates the grand jury proceeding but does not testify, that person could be sued if, indeed, the instigation was malicious? If it's outside of the grand jury, and I go for the but-for test, and like the Vandy case. Well, now, just answer my question. I've given you a hypothetical. He, no doubt, he instigated the grand jury proceeding. He got the U.S. attorney to bring the proceeding, but he didn't testify. Could that person be sued? Yes. That person could be sued if under the but-for test. So all he has to do to get himself off the hook is, after instigating it, he should testify, right? His testimony bathes him clean. Is that it? No, that isn't. Because of anything. So all you're arguing, then, is that there has to be some evidence other than the mere testimony. Is that your point? That is my point. There has to be some evidence other than the mere testimony. And if there is evidence other than the mere testimony, indeed, you can go forward with an accusation. Then you agree with the principle of the position that the United States took, which is you can, if there was evidence outside the grand jury proceeding, that this person was the instigator, that that could be the basis for the grand jury proceeding. But if this person did things outside the grand jury to instigate the prosecution, that could be the basis for the grand jury proceeding. The way I understand it, Solicitor General's position was that if the only way that you could prove the allegation was to use the grand jury testimony, then you would not bring a suit under 1983. But I think, as Justice Scalia's question was proffered, is that it was an independent act that, in and of itself, created a constitutional violation, independent and actually caused the prosecution, then, indeed. But, Mr. Jones, you used to be a lawyer. Kennedy, do you agree that we should vacate and remand, according to the suggestion of the prosecutor? No, Your Honor. And why is that? Well, just because of your view of the evidence, that there's no evidence to justify the remand? Well, that's certainly one of the issues. But nothing like this was what the Solicitor General is recommending. None of those issues were raised below. None of those issues were raised in the court of appeals, in the Eleventh Circuit, and in the case of the Grand Jury Proceeding. But you're saying that this was waived and it's just not in the case? Because you see if the issue wasn't discussed, that's the reason we remanded. That's correct. It was waived, and it's not before the Court, and that's not why cert was granted. I don't understand how it's waived. I don't understand that. How is it waived? It was never presented by any side at any to any place in the court below. Well, but if there is a theory of liability, and we find that there is, that that theory is baseless, we don't generally dismiss the complaint if there are other allegations in the complaint that could support liability on another theory. Well, certainly. I mean, this case has to be going back to the district court anyway, as Your Honor is well aware, and perhaps it can be raised again at that time with an amendment. But at the present time, it's not in the case. But, Mr. Jones, could I understand your responses to these questions? Because you said to Justice Scalia, the fact that there's been testimony at the grand jury does not, if you will, immunize the person from suit based on other acts. Can you go further? In a suit based on other acts, could the grand jury testimony come in as evidence? If you look at common law, that's exactly what happened. At common law, and as Justice Scalia mentioned in his concurrence in Kalina, what you had is two separate acts when you had a malicious prosecution at common law. The first act was actually complaining and making a complaint to get a warrant, in other words, swearing at that point in time. But there again, the person that complained actually didn't have to be a witness. But when he was a witness or when he or she became a witness at court, that testimony could then be used to show malice for the prosecution or for actually bringing the case. So all you're saying is that there's absolute immunity for a suit based exclusively on grand jury testimony. And if the suit is based on something else, the grand jury testimony can come in. That is correct. But if, indeed, it's an independent cause of action outside of the court, yes. Sotomayor, I don't know what an independent cause of action could be, because it is the grand jury proceeding that initiates the action. So why would the common law permit it unless it recognized that a complaining witness has to do something to get the grand jury up and running and go in and testify to something false to be liable for a malicious prosecution? But the point I'm making is I don't see how your position differs from the government's at all, and I'm not sure what how you could have independent guilt proven that requires anything more than proof, than the proof they proffered below, which was that this and took other steps to start the grand jury's process. And then you use their testimony at the grand jury to figure out whether it was false or not. First of all, to respond, one, our position with respect to the Solicitor General on that issue, I don't see it as any different. What I was suggesting, what I understood Justice Scalia to say, is when you have something independent that forms a cause of action, for example, if you take and plant evidence in of a crime, for example, cocaine or something of that nature, that is a separate and distinct cause of action, and that would cause that action by an investigator might very well cause the prosecution or the district attorney to act when, indeed, you would have, they would find it. Breyer. Is it different from the Solicitor General's, it's my fault, I'm sure, I don't understand the position they are taking. I mean, I think in every case there is some evidence about what goes on outside the courtroom or the grand jury room, and then there is some evidence about what went on inside, and I don't know when you are supposed to introduce what. So I'm guessing that whatever the rule is about when you can use what parts of what, that if you win, the rule about when you should use or when you still can use the testimony that's given in the grand jury room is the same as the rule that says when you can use the testimony of a witness at trial. See, I would have thought that immunity means you can't use that testimony, but I'm told I'm wrong about that. You sometimes can use it. So then I don't know when you can use it and when you can't. Maybe you know. You've studied this case. I admit I haven't studied it as thoroughly as I hope you have. I hope I have as well. At least as I understand with respect to, first of all, if you look at Briscoe, everything that's in Briscoe, as you know, is absolutely immune from civil damage litigation. Breyer. When you say absolutely immune, I'm thinking of a typical case as follows. Smith says to his friend, I hate that rat, Jones. I am going to go and lie and say he stole my horse. Next step, he goes to the grand jury or someone and says, Jones stole my horse. Third step, he's in the grand jury room saying, Jones stole my horse. Fourth, he's at trial. Okay? So what comes in and what doesn't? And can you bring a case in the first place? I'm at sea. Whatever you can help me with, I'd be happy. First of all, and that might be a difficult time, but the — when you have a grand jury, you have something different from just bringing a cause of action. What you have in a grand jury is you have evidence presented to the prosecutor, typically, a district attorney, and then the district attorney makes an independent evaluation as to what to bring to the grand jury and who to indict or whether to indict anybody or whatsoever. That testimony in that grand jury, if you bring a cause of action, for example, if a cause of action is brought for malicious prosecution, which they're trying to do here, the — what this Court has said in the Vandekamp case is that the only time that you can use that testimony is if there is something else outside of the grand jury. There's always something else. He didn't think of this thing for the first time in the grand jury room. The defendant thought of this thing outside the grand jury room before he even got to the grand jury, and he probably told somebody about it, or he could have, or at least there's the evidence he walked to the grand jury room, okay? So there's always something outside the grand jury. Sure. Sure. But the case law says that if the prosecutor would not have taken the case, or would not have done the case, but for the conduct of that individual, then, indeed, you cannot bring the cause of action. Alito, I have the same concern as Justice Breyer, and let me try to ask the question in a different way. Can you give me an example of a case in which someone would qualify as a complaining witness under Mr. Pincus's definition, and yet would not have done something outside of the grand jury that would be sufficient to make out a claim of malicious prosecution? If that situation doesn't exist, then I don't see any difference between your position and Mr. Pincus's position. It does exist, because typically when you have an investigation in any type of district attorney's office, what you have is investigators going out and investigating a case, bringing the material to the district attorney, then the district attorney looks at the material, and then the district attorney is the one that makes an independent decision. Well, let's go back one stage. Let's go back to an arrest warrant. The witness, and let's assume that the affidavit in support of the warrant, is filled with lies. The affidavit is presented to a judge, and I would think that's better than a prosecutor. And yet, there is no absolute immunity for someone who lies in order to get a warrant, even though the judge makes the judgment whether the warrant should issue. The distinction in Malley is this. First of all, in Malley, and when you go apply for a warrant, at that point in time, the investigator is, he is determining here, she is determining the time, place, and manner in which to go to the judge. And also, possibly, he can, he or she can select the judge that the person wants to go for. And then what has happened is that person who presents that evidence is presenting the evidence that he or she has gathered and is going to present it in a light most favorable to the investigation. That person won't necessarily present the bad part. They might present just only the exclusively the good part. And also, that person isn't under the subpoena power. Suppose we had, instead of a grand jury proceeding an indictment, an accusation to begin the prosecution and a supporting affidavit in connection with the accusation. Would there be, would there be absolute immunity then for the affidavit that supports the accusation which will begin the prosecution? If I understand your question, and I'm not sure I heard it exactly, are you saying if there's an affidavit that went before the grand jury? No. We take the grand jury out of it. We're going to begin the case, the prosecution, by an information. Or I think the Georgia law refers to something called an accusation. If we're not before the grand jury and the prosecution is instituted by an information and there is an affidavit supporting that information, is there absolute immunity for the false affidavit in support of the information? Once again, that's a scenario essentially in Malley and Kalina, where you had those individuals coming before, they were not subpoenaed, those individuals, whether it's affidavit or testimony, I think either one is testimony. Well, you cited a provision of the Georgia Code that seems to equate what's called an accusation with an indictment. It's on the bottom of page 22. All legal proceedings by which a person's liability for a crime is determined by commencing with the return of the indictment or the filing of the accusation. So if the Georgia Code equates those two, the return of the indictment or the filing of the accusation, why shouldn't the immunity rule be the same for the two? And you told me that Malley would cover the filing of the accusation, so why shouldn't the immunity be the same for the return of the indictment? And I'm not positive I understand the question, but as I understand it, what you have in a Malley situation is, again, you have somebody that is merely coming before the judge in the hope of getting a warrant to issue. That person doesn't — isn't under the constraint of a prosecutor, an independent prosecutor. In the meantime, actually the person asking the questions, asking and actually subpoenaing a witness for, like, a grand jury, that person is actually — and what the Court has said is potentially wasting judicial resources by bringing a not-so-good case, just like in Malley, to the Court. And so to protect the Court and to protect the judicial process, the Court has said that person only has qualified immunity so as to make him think and make the process think before it happens, before they go to the judge. But in the grand jury scenario, you have an independent individual, in this case the prosecutor, receiving the evidence and the prosecutor deciding what cases to bring. Sotomayor So explain to me again — over here, Mr. Jones — explain to me again why the act of sitting down with the prosecutor and — in his office and telling him a falsehood that leads the prosecutor to convene the grand jury and call you as a witness, why that act of meeting with the prosecutor and stating the false statement is not actionable independently? Or is it your position that that would be? Jones, it is a position that it can be. And I hate to say equivocate there, but I will state this. If indeed that district attorney or the prosecutor in the case would not have proceeded but for that testimony or that statement before him, in other words, he would not have done anything there, like, as I stated earlier, like the planting of the cocaine or finding of the cocaine. Sotomayor No, no, no, no. He sat down, told the prosecutor exactly what he was later going to say in the grand jury. I rarely called a witness to a grand jury when I was a prosecutor who I hadn't spoken to before. Occasionally I had to because of circumstances, but the vast majority you sit down and talk to and find out what their story is, identical story before and after during the grand jury. Is the story before an independent act sufficient to bring a malicious prosecution claim? Under that scenario, no, because the only way that that act can be proven, the only way that the malicious prosecution claim can be proven would be to get the grand jury testimony before, to actually utilize that grand jury testimony, and that testimony is absolutely protected under Briscoe. Sotomayor You have a timesheet that shows that the prosecutor met with the investigator? I'm sorry? Sotomayor You have a timesheet. You mean you need a witness to say they met together? You need someone to say that they talked before the grand jury? Assuming you had that much evidence, you think that's enough? I mean, do you need a witness to come and testify as to whether they had a communication? Sotomayor Yes, exactly. Is that what you're requiring? It would appear that that would certainly be an element that you would have to establish. Now, whether you would need a witness or you could get one of those two to testify is another issue. Do you regard the grand jury as a judicial proceeding? Yes, I do. And this Court has so stated not only in the Court has stated, first of all, in Burns v. Reed, it talks about how you have prosecutorial immunity, and in Malley, it also states it's the first stage of the criminal proceeding. But there's no judge. And it seems to me odd to say there's no presiding judge, there's no cross-examination, and the indictment has the same function as an information. So why should it rank as a judicial proceeding? Well, it has many more of the trappings of a trial than, say, coming before a judge like in the Malley scenario. First of all, you're subject to compulsory process. The person is placed under oath. The person may indeed not even want to come and testify. I think that was earlier mentioned by Justice Scalia. The person might not even want to be there, and yet he's subpoenaed and he's forced to be there. Also, in that situation, the district attorney, he or she is the one that's controlling the evidence. One is controlling what is before the court, and that person is also determining which person is going to be indicted and the evidence to be presented. So the distinction between the two is, as I see it, significant. And one, the grand jury is much more akin to a judicial proceeding in a trial than the scenario you have in Malley. Breyer. Is the prosecutor immune? I know the prosecutor is not immune or the complaining witness is not when they get an arrest warrant. Is the prosecutor immune when he is taking the step of getting an information or indictment? Yes. He is immune? Yes. All right. So this is equivalent to doing that. That's a prosecutorial function, the prosecution would be immune. That is correct. This isn't a prosecutor. This is a subordinate. The person here is the defendant. No. The person here is the investigator who is employed by the prosecutor. And I think, as Justice Ginsburg pointed out, the prosecutor himself in this situation directed the investigator to appear before the grand jury and directed him as to what to testify to at the grand jury. So, and as Your Honor pointed out, the who is absolutely immune in the grand jury setting, the prosecutor is immune, the grand jurors are immune, in trial the prosecutor is also immune, any of the witnesses testifying is immune. It makes logical sense that anybody that comes before the grand jury is likewise immune. I think is there any subordinate government official involved when a prosecutor gets an information or files an information or the way you get somebody indicted is you have an indictment, which is a grand jury, I guess, or an information. Right. All right. When you get the information, is it just somebody from the district attorney's office or the prosecutor's office or somebody else there? Is there a policeman there that gives any? There should be. It can be. It can. Okay. If there is, has he ever been held immune or not? The prosecutor is immune. Now he's there with an assistant, the policeman, to back him up. Is there any law on that, whether the policeman is immune? Just if he's asking for an arrest warrant, is that? No, the arrest warrant is not immune. We know he's not that. It's just he files the information. He files the information and it's not in a grand jury setting. Yeah. Then, indeed, I would suggest it's very similar to the Malley scenario, where he would have a qualified immunity. And that would go for the prosecutor, too, right? No. For the information? If you bracket it with Malley, the prosecutor who lies to the magistrate is not going to have absolute immunity at the arrest warrant stage. Is the prosecutor absolutely immune for making out information that's packed with lies? Yes, because that is what this Court has decided is intimately associated with the judicial case, the criminal process. And any of the conduct that is intimately associated under Imler, under Kalina, under various things, Burns v. Reed, or intimately, anything that's intimately associated is absolutely immune. Why isn't an arrest warrant intimately associated? Well, an arrest warrant, like in the Kalina and the Malley situation, you didn't have a prosecutor going before them. That was an independent action by an investigator who went before a judge to seek a warrant and present any evidence that that person had. Paragraph 29 of the complaint alleges Mr. Polk and Mr. Hodge as acting under color of law in retaliation and wrongfully influenced and instigated the prosecutorial decision to bring charges against Mr. Rayburg. Why isn't that sufficient to support a claim of so-called malicious prosecution without regard to the evidentiary — without regard to the grand jury testimony? Because just because they allegedly conspired together to do this doesn't mean the act was completed until after, in this case, Mr. Hodges, and it was actually Kelly Burke, actually performed what they did. Now, and if the prosecutor knows about it at that point and they allegedly conspire, now who is taking the act? It really is not anymore Mr. Polk. It is the district attorney who is acting at that point, and it is the district attorney who is the grand jury. And as I pointed out earlier, if anything that's intimately associated with the judicial phase, and he's absolutely immune for his conduct, but even just because the district attorney knows about it and so does the investigator know about it, it is the conduct in the independent act now of the prosecutor to get the indictment. But, Mr. Jones, I feel as though now we're just arguing about facts. It seems to me that you've accepted a good deal of Mr. Pincus' case. You've said that you can bring an action against somebody based on acts outside of court, that the grand jury testimony can come in as evidence in that action, and all you're saying is that there's no way to bring this action in this case because your client didn't, in fact, do anything. Jones, and perhaps that's not my position. First of all, I'm not saying that there — what I'm saying with respect to bringing a malicious prosecution claim is that — I think Justice Scalia asked me if there's a completely independent act, but if, in the scenario that you paint, just the fact that they've talked outside the grand jury, that does not authorize an independent cause of action for a malicious prosecution claim. What you have to have is an independent act, just like what you had in common law, where you had two distinct acts, one where you actually filed a complaint. Now you became the complainant, or, as the common law said, you became the complaining witness, even though you didn't have to be a witness. But then, if you were a witness, indeed, that testimony that you gave in the grand jury or in the trial could be used as to prove your malicious intent in bringing the charge initially. And that doesn't equate to what we have here. In this scenario, what we have here is there may have been a discussion outside of the court or outside of the grand jury, but that discussion now ended, and now you have an independent act by the prosecutor to bring the cause of action. So completely distinct, as I see it, completely distinct scenarios. If there are no further questions, thank you very much. Roberts. Thank you, counsel. Mr. Pincus, you have 4 minutes. Thank you, Mr. Chief Justice. A couple of points. First of all, the question about whether there — it's an appropriate rule that a finding of complaining witness can be based on evidence outside of the grand jury, but it can't be based on grand jury testimony. That certainly wasn't the common law rule. And I know Justice Sotomayor asked whether there were any common law cases that relied solely on grand jury testimony. And although the cases are hard to parse, I would point the Court to the Anderson and the Moulton cases that we cite on page 3 of our reply brief. In those cases, in the Anderson case, the Court is talking about the charge to the jury, and what it says the evidence was is the fact that the defendant was listed as the complainant on the indictment and that he testified before the grand jury. And then in the Moulton case, the allegations of the complaint are set forth in the reporting of the case, and the only allegations are — relate to the testimony before the grand jury. So I think it's very hard to find any basis in the common law, which, as the Court said, is the — has said is the controlling principle here for ruling the grand jury testimony either entirely out of bounds as a basis for liability or for saying it's only in bounds if there is some other extrinsic evidence. There's just no support for that in the common law. And I think it doesn't really make sense. If this case had proceeded by information, and Mr. Paulk's grand jury testimony had simply been placed in an affidavit and submitted in order to obtain the arrest warrant, Marley and Colina would control, and it would be clear that there would be liability. Alitoson Suppose this was a jurisdiction that didn't have grand juries, but returned felony indictments by means of a preliminary hearing. Would a witness at a preliminary hearing have absolute immunity? There's a judge presiding there. A complaining witness, I don't think — if that is the proceeding that sets the — that determines whether or not there's going to be a prosecution, I think an ordinary witness would be absolutely immune, but a complaining witness would not be. Breyer Are there States that have — or are there any jurisdictions where they don't give immunity to grand jury testimony for complaining witnesses or others? Alitoson Yes, there are. There are both at the common law and today, Your Honor. Breyer Today are there a lot? Alitoson There are — I don't know the number. Breyer I mean, is there any way to find out what's happened? Have they been — have the grand juries been undermined? Have they not been undermined? I mean, what's actually happened in those places? Can you give me an example of one or two States that allow these actions? Alitoson Well, I can't give you an example of States. I can give you the example of seven circuits that have adopted the rule that we contend for. Breyer For how long have they had that? Alitoson Excuse me? Breyer For how long? Alitoson For some of them since Malley, certainly since Kalina, about 10 years. Breyer And have there been many such grand jury actions? Alitoson There have been some cases. No one has said that the grand jury process has been upset. Courts have looked into whether or not there's a complaining witness. Some courts say in order to get grand jury testimony, you have to meet some kind of a threshold. Often these cases are proven up by deposing the defendant and asking him what he testified about before the grand jury without intruding on the grand jury at all. But I think those seven circuits, there's been no indication of some kind of disruption of the process. Alitoson Are those cases involving grand jury proceedings like the one here, which does look somewhat like the complaint situation, or are they more traditional grand jury settings? Alitoson I don't know, Your Honor. We'd be happy to file something further. Kagan To me, Mr. Pincus, the oddest thing about your case is the notion of being able to sue the investigator when you can't sue the prosecutor for whom he works. So that even if there is or some set of people that you could sue for actions in the grand jury context, the notion that you can sue an employee of a prosecutor when you can't sue the prosecutor seems an odd rule. Pincus Well, Your Honor, I think the question here would be a factual one, as you pointed out. Is Mr. Paulk the person who set this in motion? If the testimony is that Mr. Paulk was just told what to do by the prosecutor and didn't have any additional anything, then perhaps he won't be found liable anyway. Roberts Thank you, counsel. The case is submitted.